No. 21-60004

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re
JOHN JEAN BRAL,
*Debtor in Possession*

STEWARD FINANCIAL LLC,
*Appellant*,

v.

JOHN JEAN BRAL,
*Appellee.*

On Appeal from the Bankruptcy Appellate Panel for the Ninth Circuit
Bankruptcy Appellate Panel Case No. 20-1039
Bankruptcy Case No. 8:17-bk-10706-ES

## MOTION TO EXTEND STAY OF APPELLATE PROCEEDINGS

GARY E. KLAUSNER (SBN 69077)
LEVENE, NEALE, BENDER, YOO
 & GOLUBCHIK L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: GEK@LNBYB.COM

TOM LALLAS (SBN 66512)
MARK D. HURWITZ (SBN 151159)
LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
815 Moraga Drive
Los Angeles, California 90049-1633
Telephone: (310) 471-3000
Facsimile: (310) 471-7990
Email: TLALLAS@LSL-LA.COM;
MHURWITZ@LSL-LA.COM

Appellant Steward Financial, LLC hereby moves for entry of an order extending the stay of appellate proceedings from December 16, 2022 through and including June 16, 2023, for the following reasons:

On August 31, 2022, the Ninth Circuit Court of Appeals entered the Order [Docket Entry No. 36] staying these appellate proceedings until December 16, 2022, and directing Appellant to file a motion for appropriate relief on or before December 16, 2022. That Order was entered in connection with Appellant's motion [Docket Entry No. 35] for an extension of time to file a reply brief, which the Court treated as a motion to stay appellate proceedings. The basis for that motion was that Appellee John Jean Bral had passed away, and Appellant's principal had passed away, and the parties' counsel were respectively attempting to determine the appropriate courses of action regarding this matter, including whether this appeal can be resolved without further action by the parties.

Attached hereto as Exhibit 1 is a status report filed in Appellee Mr. Bral's bankruptcy case by Mr. Bral's bankruptcy counsel indicating that an executor of Mr. Bral's estate has not yet been appointed. Based on the foregoing, Steward requests that this Court extend the stay of these appellate proceedings for a period of six months, from December 16, 2022 through and including June 16, 2023, and direct Appellant Steward Financial, LLC to file a motion for appropriate relief by no later than June 16, 2023.

Appellant Steward Financial, LLC respectfully submits that such relief is appropriate in order to avoid potentially unnecessary briefing and oral argument, by allowing time for an executor of Mr. Bral's estate to be appointed and for the parties to then attempt to negotiate a resolution of this appeal without further litigation.

Dated: December 13, 2022

STEWARD FINANCIAL LLC

By:   /s/ Gary E. Klausner
LEVENE, NEALE, BENDER, YOO
  &amp; GOLUBCHIK L.L.P.
GARY E. KLAUSNER
Counsel to Steward Financial LLC

# EXHIBIT "1"

1  Alan J. Friedman (State Bar No. 132580)
   **SHULMAN BASTIAN FRIEDMAN & BUI LLP**
2  100 Spectrum Center Drive, Suite 600
   Irvine, California 92618
3  Telephone: (949) 340-3400
   Facsimile:  (949) 340-3000
4  Email:      Afriedman@shulmanbastian.com

5  Attorneys for Reorganized Debtor
   John Jean Bral

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:17-bk-10706-ES |
| JOHN JEAN BRAL, | Chapter 11 |
| Reorganized Debtor. | **DEBTOR'S EIGHTH POST-CONFIRMATION STATUS REPORT** |
| | Post Confirmation Status Conference: |
| | Date: December 14, 2022<br>Time: 10:30 a.m.<br>Place: Courtroom 5A<br>[VIA ZOOM] |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, TO THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO ALL INTERESTED PARTIES:**

John Jean Bral, the reorganized debtor in the above-referenced case ("Debtor"), by and through his counsel of record, hereby submits this Post-Confirmation Status Report as required by order of the Court in advance of the post-confirmation status conference scheduled for December 14, 2022 ("Status Conference").

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5429-000\1603134.1

### A. *Unexpected Passing Away of Debtor*

As set forth in the prior post-confirmation status report, on April 25, 2022, Mr. Bral unexpectedly passed away. Since the passing of Mr. Bral, communications between Debtor's counsel, Mr. Friedman, and Tanner Bral ("Tanner"), Mr. Bral's son, have taken place to discuss the need for the appointment of a representative of Mr. Bral's bankruptcy estate. As stated in the prior post-confirmation status report dated July 7, 2022, it was believed that an executor of Mr. Bral's decedent estate would be appointed within the next 30-60 days  As of the date hereof, however, probate has not yet opened for Mr. Bral's decedent estate. It is still anticipated that the executor of Mr. Bral's decedent estate (once appointed) will serve as the appointed representative of Mr. Bral's bankruptcy estate.

### B. *Unexpected Passing Away of Barry Beitler*

As previously indicated, on March 10, 2022, Barry Beitler unexpectedly passed away. Pursuant to the Declaration of Gary E. Klausner Re: Identity of Representative Acting on Behalf of Barry Beitler and Affiliated Entities [Dkt. No. 1128], since the passing of Mr. Beitler, counsel for Mr. Beitler has been consulting with and taking direction in matters pertaining to this case from Donald Rezak. Mr. Rezak had been chief operating officer of Beitler & Associates, Inc. and Mr. Beitler's affiliated entities, prior to Mr. Beitler's passing and continues to serve in that capacity. Pursuant to the declaration, counsel for Beitler has been informed that a petition for letters of administration has been filed with the California Probate Court which seeks appointment of Mr. Beitler's daughter, Logan Beitler, to act as representative of Mr. Beitler's decedent's estate. Counsel has been advised that Ms. Beitler is the representative of Mr. Beitler's decedent estate.

### C. **Status of the Debtor's Efforts to Consummate the Plan.**

The Debtor filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 24, 2017.

SHULMAN
BASTIAN FRIEDMAN & BUI
LLP
100 Spectrum Center Drive
Suite 600
Irvine CA 92618

5429-000\1603134.1

2

By entry of the Order Confirming Fourth Amended Chapter 11 Plan ("Confirmation Order") on July 31, 2019 [Dkt. No. 762], the Debtor's Fourth Amended Chapter 11 Plan ("Plan")[1] [Dkt. No. 761] was confirmed.

The Plan is a liquidation plan. Allowed Claims will be paid in accordance with their respective priorities, from a Distribution Fund consisting of monies derived from the following:

1.  The monetization of the Debtor's ownership interests in two limited liability companies, Mission Medical Investors, LLC and Westcliff Investors, LLC (the "Companies"). Funds will be generated by the purchase of the Debtor's membership interests in the Companies by Barry Beitler. As set forth in prior status reports, the purchases have been consummated.

2.  To the extent that the funds from the monetization of the Companies are insufficient to pay Allowed claims in full, the Debtor will liquidate certain of his other personal property as set forth in the Plan, including his interests in Eye Street and Javaher, to the extent equity exists and the assets are not exempt. The Debtor to retain his interest in the Sandpiper Property.

3.  Recovery from a malpractice claim the Debtor holds against state court counsel which proceeds have already been received; and

4.  Proceeds from the Debtor's contribution claims against co-guarantors.

Pursuant to the Plan, the Effective Date is the later of (1) the first (1st) Business Day following the date upon which Barry Beitler either (a) pays into the estate the Minimum Purchase Price or (b) pays into the estate the Final Purchase Price, and (2) the first (1st) Business Day after the date upon which the Confirmation Order shall have become a Final Order.

On September 13, 2021, this Court entered its Order Re (1) Bifurcation of Payment of Final Purchase Price; (2) Allowance and Assignment of Barry Beitler's Rights Under the Plan; (3) Advancement of Effective Date and (4) Related Relief [Dkt. No. 1073].

On September 23, 2021, the Debtor filed a Notice of Confirmation and Occurrence of Effective Date of Chapter 11 Plan [Dkt. No. 1076].

---

[1] Unless otherwise defined herein, capitalized terms herein have the meaning as set forth in the Plan.

The Plan has been substantially consummated in accordance with the terms and provisions of the Plan.

1. Plan Related Issues

(a) Potential Issues.

1. The Debtor's Membership Interests in Eye Street and Javaher

In connection with the Disclosure Statement [Dkt. No. 470], the Debtor disclosed that while Westcliff nominally owned membership interests in Eye Street and Javaher, in accordance with demands by Beitler, those membership interests were being treated as being owned individually by the Debtor and Beitler. See, Disclosure Statement, Dkt. No. 470, page 21, lines 12-22- page 22, lines 1-8. Beitler did not object to this proposed treatment. Moreover, in connection with the confirmation of the Plan, Beitler's counsel insisted that the Plan specify that those membership interests were the Debtor's personal property and were subject to sale as part of the Plan. The Plan was specifically modified to be consistent with those demands.

Previously, the Debtor received an offer to purchase his membership interest in Eye Street. Because the buyer did not want to get involved in any disputes between the Debtor and Beitler, the offer was conditioned upon the buyer also being able to purchase any and all membership interests owned by Beitler and Westcliff. Beitler's counsel indicated that Beitler had no interest in selling his membership interest at the present time, but would be back in touch with the buyer following Beitler's acquisition of the Debtor's interest in Westcliff, intimating that along with acquiring the Debtor's interest in Westcliff, Beitler would also be acquiring the Debtor's interest in Eye Street. This position clearly runs afoul of the Disclosure Statement, the demands of Beitler's counsel and the clear language of the Plan. Conversations with the buyer and Mr. Beitler's representatives have been ongoing. However, until such time as a representative for Mr. Bral is appointed, it does not appear that this matter can finally be resolved. Mr. Bral's counsel, as the real parties in interest under the Plan with respect to the Eye Street interest may seek to have the Court resolve the ownership issue.

2. Pending Adversary Proceedings

SHULMAN
BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5429-000\1603134.1

4

(a) <u>Steward Financial LLC v. John Jean Bral</u> – Adversary Case No. 8:17-ap-01095-ES

This adversary proceeding is stayed pending completion of the process, including exhaustion of any appeals by plaintiff Steward Financial LLC regarding the Court's order sustaining defendant John Jean Bral's objection to Stewards Proof of Claim No. 19. A status conference in the adversary proceeding regarding the status of any pending appeal has been scheduled for December 14, 2022 and an updated status report is due December 1, 2022. Pursuant to the Joint Status Report filed on November 30, 2022 (Adv. Dkt. No. 170), the parties to this adversary proceeding are requesting a continuance of the status conference for a period of 180 days.

b) <u>John Jean Bral vs Barry Beitler, an individual; Barry Beitler, as Trustee of the Beitler Family Living Trust dated September 19, 2008</u> – Adversary Case No. 8:21-ap-01103-ES

This adversary proceeding was commenced on November 24, 2021 and defendants filed their answer and affirmative defenses on December 27, 2021. Due to the passing of both Mr. Bral and Mr. Beitler, certain stipulations have been entered regarding modifications to the Scheduling Order entered in this adversary proceeding. Pursuant to the Order Granting Fourth Stipulation Regarding Modifications to Scheduling Order entered by this Court on November 22, 2022 [Adv. Dkt. No. 27], the deadline for defendants to respond to discovery requests was extended to and including April 7, 2023, any written discovery defendants might serve on plaintiff shall not require written responses prior to April 7, 2023, no depositions shall be noticed for a date prior to April 21, 2023, the last day for discovery requests was extended to and including June 2, 2023, the deadline to file pre-trial stipulation was extended through and including December 1, 2023 and the pre-trial conference was continued to December 20, 2023.

(c) <u>Shulman Bastian Friedman & Bui LLP v. 1031 Solutions, LLC, et al.</u> – Adversary Case No. 8:22-ap-01014-ES

This adversary proceeding was commenced on February 15, 2022, by the filing of a Complaint for Judicial Foreclosure and Related Preliminary Relief. Plaintiff filed a motion for issuance of a temporary restraining order and a preliminary injunction (the "TRO Motion"). The defendants filed an opposition to the TRO Motion. On February 24, 2022, the Court held a hearing

SHULMAN
BASTIAN FRIEDMAN & BUI
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5429-000\1603134.1            5

on the TRO Motion. On February 24, 2022, the plaintiffs filed a notice of dismissal of the adversary proceeding. On March 10, 2022, the Court entered an order denying the TRO Motion.

Given the unexpected passing of Mr. Beitler, the parties to the adversary proceeding agreed to a forty-five day extension of any deadline to file a motion or other action to recover attorneys' fees, sanctions or damages in connection with the adversary proceeding. Such extension has since been further extended and currently tolled until January 1, 2023.

3.  Claims and Related Issues

(a)  The Steward Claim (Claim No. 19).

As previously reported, on February 3, 2020, the Court entered its order sustaining, on all grounds, the Debtor's objection to the Steward Claim [Dkt. 860]. Steward filed an appeal of this Court's order to the Ninth Circuit BAP (the "Steward Appeal"). On or about November 30, 2020, the BAP issued its opinion in the Steward Appeal (the "BAP Ruling") affirming this Court's ruling on the Steward Claim. On December 28, 2020, the Debtor filed a motion seeking to have the Steward Appeal deemed frivolous and to recover the fees expended defending against the Steward Appeal. This fee motion was denied by the BAP.

Steward has appealed the BAP Ruling to the Ninth Circuit Court of Appeals. The Ninth Circuit Court of Appeals has issued an order staying the appeal until December 16, 2022 (which is also the deadline for Steward to file in the Ninth Circuit appeal a motion for appropriate relief). Pursuant to the Joint Status Report filed on November 30, 2022 in the Steward Financial LLC v. John Jean Bral – Adversary Case No. 8:17-ap-01095-ES, Steward anticipates requesting that the Ninth Circuit further stay the appeal as Steward understands an executor of Mr. Bral's estate has not yet been appointed.

D.  **Prior Status Reports**

On November 7, 2019, the Debtor filed its first Post-Confirmation Status Report [Dkt. No. 806] and on November 21, 2019, this Court held the first Post Confirmation Status Conference.

On February 6, 2020, the Debtor filed his Second Post-Confirmation Status Report [Dkt. 874] and Amended Second Post-Confirmation Status Report [Dkt. 875].

SHULMAN
BASTIAN FRIEDMAN & BUI
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5429-000\1603134.1                    6

On January 7, 2021, the Debtor filed his Third Post-Confirmation Status Report [Dkt. 961].

On May 6, 2021, the Debtor filed his Fourth Post-Confirmation Status Report [Dkt. 1046].

On September 16, 2021, the Debtor filed his Fifth Post-Confirmation Status Report [Dkt. 1075].

On February 3, 2022, the Debtor filed his Sixth Post-Confirmation Status Report [Dkt. 1120].

On July 7, 2022, the Debtor filed his Seventh Post-Confirmation Status Report [Dkt. No. 1129].

### E. Activity Since Prior Status Report

Since the prior status report the Debtor, through his counsel, has addressed issues and related going forward strategies in light of the passing of Mr. Bral and Mr. Beitler, and in preparing the OUST post-confirmation status reports.

### F. Compliance with the Guidelines of the Office of the United States Trustee

Prior to the Debtor's passing, the Debtor was in compliance with the post-confirmation OUST guidelines as well as payment of the quarterly fees. Due to the Debtor's passing, and the delay in connection with the appointment of a representative for the bankruptcy estate, the Debtor was unable to file the OUST's post-confirmation reports. However, in connection with communications with the OUST, on November 11, 2022, the Debtor filed the post-confirmation reports for the period ending March 31, 2022 [Dkt. No. 1136], June 30, 2022 [Dkt. No. 1137] and September 30, 2022 [Dkt No. 1138]. Said post-confirmation status reports were prepared without input from the Debtor due to his passing and without the input of a representative of the Debtor. Once the Debtor's estate has a representative appointed through probate proceedings, the reports will be amended, if necessary. Payment of the OUST quarterly fees have been paid current through counsel for the Debtor.

### G. Payments Under the Plan

The Debtor has made most, but not all allowed distributions required under the Plan.

SHULMAN
BASTIAN FRIEDMAN & BUI
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5429-000\1603134.1

7

### H. Post-Confirmation Tax Liabilities

In the event that tax liabilities accrue and are require to be made, they will be paid by the Debtor's representative.

### I. The Debtor's Ability to Continue to Comply with the Terms of the Plan

It is projected that the Debtor, through the representative of the Debtor's estate, will be able to comply with the terms of the Plan.

### J. Motion for Final Decree

Once an estate representative has been appointed, the Debtor's estate will consider its options relative to seeking a final decree and an order closing the case.

Dated: November 30, 2022

Respectfully submitted,

SHULMAN BASTIAN FRIEDMAN & BUI LLP

By: /s/ *Alan J. Friedman*

Alan J. Friedman
Attorneys for John J. Bral, Reorganized Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*):**DEBTOR'S EIGHTH POST-CONFIRMATION STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 30, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On November 30, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judges Courtesy Copy
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 30, 2022 | Lori Gauthier | */s/ Lori Gauthier* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                 F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **Shraddha Bharatia**   notices@becket-lee.com
- **Shane M Biornstad**   SBiornstad@shulmanbastian.com, aragone@shulmanbastian.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Thomas H Casey**   kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- **David Youngwoo Choi**   david.choi@rimonlaw.com, docketing@rimonlaw.com
- **Franklin J Contreras**   FContreras@shulmanbastian.com, sseelert@shulmanbastian.com
- **Alan J Friedman**   afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Daniel K Fujimoto**   wdk@wolffirm.com
- **Beth Gaschen**   bgaschen@go2.law, kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Mark D Hurwitz**   mhurwitz@lsl-la.com, dsmall@lsl-la.com,narutunyan@lsl-la.com
- **Gary E Klausner**   gek@lnbyg.com
- **William N Lobel**   wlobel@tocounsel.com, stena@tocounsel.com;sschuster@tocounsel.com
- **Bonni S Mantovani**   cmartin@pralc.com, ecfcca@ecf.courtdrive.com
- **William F McDonald**   wfmcdonald@gmail.com
- **Krikor J Meshefejian**   kjm@lnbyg.com
- **Richard M Pachulski**   rpachulski@pszjlaw.com
- **Dipika Parmar**   dipika.parmar@aissolution.com
- **Gary A Pemberton**   GPemberton@shulmanbastian.com, aragone@shulmanbastian.com
- **Lee S Raphael**   ecfcca@ecf.courtdrive.com, cmartin@pralc.com
- **Bobby Samini**   saminicourtnotice@gmail.com, bobby.samini@saminicohen.com;nicoleprado@saminicohen.com
- **Edward G Schloss**   egs2@ix.netcom.com
- **Valerie Smith**   claims@recoverycorp.com
- **Daniel B Spitzer**   dspitzer@spitzeresq.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Zann R Welch**   ecfnotices@ascensioncapitalgroup.com
- **Alan Steven Wolf**   wdk@wolffirm.com
- **Dean A Ziehl**   dziehl@pszjlaw.com, dziehl@pszjlaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

9th Circuit Case Number(s) | 21-60004

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) December 13, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Lourdes Cruz

*********************************************************************************

## CERTIFICATE OF SERVICE
When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)